

BOND, SCHOENECK & KING, PLLC
ATTORNEYS AT LAW ■ NEW YORK  FLORIDA  KANSAS

HOWARD M. MILLER
Direct: 516-267-6318
HMiller@bsk.com

June 12, 2009

**VIA ELECTRONIC FILING**

Hon. Leonard D. Wexler
United States District Judge
United States District Court
Eastern District of New York
Alfonse M. D'Amato U.S. Courthouse
100 Federal Plaza
Central Islip, NY 11722-4449

Re:   *Hines v. The Village of Hempstead Police Department*, 08-CV 5236 (LDW)(KT)

Dear Judge Wexler:

We represent the Defendant in the above referenced matter. In accordance with your individual rules of practice, we respectfully request that a pre-motion conference be scheduled so that Defendants may seek permission to file a pre-answer motion to dismiss the complaint.

On May 18, 2009, the United States Supreme Court handed down its decision in *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 2009 U.S. LEXIS 3472 (2009),[1] which amplified *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In *Iqbal*, the Supreme Court held that although Federal Rule of Civil Procedure 8 does not require "hyper-technical, code-pleading ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusory allegations." *Iqbal*, 2009 U.S. LEXIS 3472 at *30. The Supreme Court then went on to clarify that on a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Here, since the claims are supported only by conclusory allegations, under binding Supreme Court precedent, they must be dismissed.

### Plaintiff Fails To State A Claim For Retaliation

The allegations in the complaint span ten years and are difficult to fully understand or follow. As best can be gleaned from the complaint and the underlying EEOC charge, plaintiff's primary allegation is that on March 9, 2004 she filed a complaint of discrimination with the State

---

[1] A copy of the U.S. Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 2009 U.S. LEXIS 3472 (2009) is appended hereto.

Hon. Leonard D. Wexler
June 12, 2009
Page 2

Division of Human Rights, which was dismissed by the Division for lack of evidence. Plaintiff alleges that, *three years later*, the Village retaliated against her by "demoting" her.

Since plaintiff's retaliation claims rely on speculative conclusory allegations, under *Iqbal* and *Twombly* they should be dismissed. In any event, the *three year* gap between the protected activity and the alleged adverse action is too long to state a claim. *See, e.g., O'Reilly v. Consol. Edison*, 173 Fed. Appx. 20 (2d Cir. 2006) (three month gap insufficient); *Hollander v. Am. Cynamid Co.*, 895 F.2d 80, 85-86 (2d Cir. 1990) (same); *Genna v. Downstate Medical Center, 2008 WL 3334038* (E.D.N.Y. 2008) (granting 12(b)(6) motion: "District courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation."). *Nicastro v. Runyon*, 60 F. Supp. 2d 181, 185 (S.D.N.Y. 1999) ("claims of retaliation are routinely dismissed when as few as three months elapse between the protected activity and the alleged act of retaliate on").

### Gender Discrimination

Again, while it is hard to follow what plaintiff claims to constitute gender discrimination, to the extent that she is alleging that she was not promoted in May 2007 because of her gender, such a claim must be dismissed under *Iqbal* and *Twombly* because it is based solely on conclusory allegations. Further, to the extent that plaintiff is alleging a hostile environment claim, that claim must be dismissed because she failed to assert it in her EEOC charge. *See Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003); *Whyte v. Contemporary Guidance Services, Inc.*, 2004 WL 1497560 (S.D.N.Y. 2004)*Waterman v. Register.com, Inc.*, 2005 WL 2759825, *1 (S.D.N.Y. 2005) (dismissing Title VII claim where it was not first asserted in charge filed with the EEOC because claims that are not "reasonably related to those actually made to the EEOC cannot be pursued" in federal court); *James v. Federal Reserve Bank of New York*, 2005 WL 1889859, *5 (E.D.N.Y. 2005) (dismissing race discrimination claim for failure to exhaust administrative remedies where it was not alleged in EEOC charge).

In light of the foregoing, Defendants respectfully request that a pre-motion conference be scheduled at the Court's earliest convenience. We also respectfully ask that Defendants' time to answer be stayed pending the conference. Thank you for your attention to this matter.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Howard M. Miller
cc:    Lenard Leeds, Esq. (via ECF)

65143.1 6/12/2009